UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES LAGACE, :
:
    Plaintiff, :
:
v. :
: CASE NO. 3:06CV1317(RNC)
NEW ENGLAND CENTRAL RAILROAD, :
:
    Defendant. :

## ORDER ON PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Pending before the court is the plaintiff's Motion for Protective Order, doc. #14. The court heard oral argument on the plaintiff's motion on February 15, 2007.

Citing Fed. R. Civ. P. 26, the plaintiff asks the court to enter an order barring the defendant, his employer, from conducting an investigative and/or disciplinary hearing until after the conclusion of this lawsuit. The defendant has notified the plaintiff of its intent to hold such a hearing, at which the plaintiff would be questioned about the accident that is the subject of this lawsuit, and at which the plaintiff would not be entitled to the presence of his attorney. It is undisputed that a collective bargaining agreement permits the defendant to conduct the hearing; the plaintiff asks only that the hearing be delayed until after this lawsuit is resolved so as to prevent the defendant from conducting "*ex parte* and extra-judicial discovery." (Doc. #14 at 1.)

The defendant responds that the court lacks jurisdiction to

enter such an order because the plaintiff's objection to the hearing is a "minor dispute" as that term is defined in the Railway Labor Act, 45 U.S.C. §§ 151 *et seq*.

> The Railway Labor Act ("RLA") distinguishes between major disputes and minor disputes. See 45 U.S.C. § 153a. Major disputes relate to the creation of collective bargaining agreements, and minor disputes involve controversies over the meaning of an existing collective bargaining agreement. Hawaiian Airlines, Inc. v. Norris, 512 U.S. 246. 252-53, 129 L. Ed. 2d 203, 114 S. Ct. 2239 (1994); Atchison, T. & S. F. R. Co. v. Buell, 480 U.S. 557, 562-63, 94 L. Ed. 2d 563, 107 S. Ct. 1410 (1986). Minor disputes that arise under the collective bargaining agreement are to be resolved by the National Railroad Adjustment Board and not the courts. Atchison, T. & S. F. R. Co., 480 U.S. at 562; see Gust, 942 F. Supp. at 410.

Chapman v. South Buffalo Ry., 43 F. Supp. 2d 312, 316-317 (W.D.N.Y. 1999).

After fully reviewing the parties' briefs and arguments, the court concludes that it lacks authority to enter the protective order sought by the plaintiff. See Schnelle v. Soo Line RR Co., 976 F. Supp. 849 (D. Minn. 1997); Gust, 942 F. Supp. 408; Chapman, 43 F. Supp. 2d 312. The plaintiff's motion is denied.

SO ORDERED at Hartford, Connecticut this 9th day of March, 2002.

```
_____/s/_____
```
Donna F. Martinez
United States Magistrate Judge
2